UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNIFER A. BUKOWSKI o/b/o KRISTIN
BUKOWSKI

                    Plaintiff,

    -vs-

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.

**No. 1:15-cv-00268-MAT**
**DECISION AND ORDER**

---

## I. Introduction

Represented by counsel, Jennifer A. Bukowski ("Plaintiff") brings this action on behalf of Kristin Bukowski[1] ("Claimant") pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[2] ("Defendant" or "the Commissioner") denying Claimant's application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted and Defendant's motion is denied.

---

[1] On July 31, 2015, Jennifer A. Bukowski was substituted as Plaintiff for her daughter Kristin Bukowski by order of the Court (Arcara, D.J.) (Docket No. 8). Kristin Bukowski passed away on June 30, 2015, three months after she filed this action (Docket No. 7-1).

[2] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

On November 25, 2011, Plaintiff, a then-twenty-five year old former certified nurse's assistant applied for DIB and SSI, alleging disability beginning December 31, 2009 due to anxiety, panic attacks, bipolar disorder, depression and ADHD (T. 14, 129-145, 162). Plaintiff's application was denied on May 30, 2012 (T. 73-78), and she timely requested a hearing before an administrative law judge ("ALJ"). ALJ William M. Weir held a hearing on July 22, 2013 (T. 31-58). On September 26, 2014, more than fourteen months after the hearing and nearly three years after Plaintiff filed for DIB and SSI, the ALJ issued a decision in which he found Plaintiff was not disabled as defined in the Act (T. 12-30). Claimant filed a request for review of the ALJ's decision with the Appeals Council on September 27, 2014 (T. 6-10). Due to Claimant becoming homeless and moving into a homeless shelter, on February 13, 2015 the Appeals Council granted Claimant's request for expedited consideration of her appeal because of dire need (T. 59). On March 23, 2015, the Appeals Council denied review leaving the ALJ's decision as the final agency decision (T. 1-5). This action followed. The Court assumes the parties' familiarity with the facts of this case as set forth in the record and will not repeat them except as necessary.

## III. The ALJ's Decision

Initially, the ALJ found that Claimant met the insured status requirements of the Act through December 31, 2013 (T. 16). At step

one of the five-step sequential evaluation, *see* 20 C.F.R. § 404.1520, the ALJ found that Claimant had not engaged in substantial gainful activity since December 31, 2009, the alleged onset date (*Id.*). At step two, the ALJ found that Claimant had the severe impairment of drug and alcohol abuse, bipolar disorder, and borderline personality disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)) (T. 17). At step three, the ALJ found that Claimant satisfied Listings 12.04 (affective disorder) and 12.09 (personality disorder) (T. 17-19). Having concluded that Claimant's impairments were disabling, he turned to the materiality analysis (T. 20). He concluded that, if Claimant stopped abusing substances, she would no longer satisfy any listings and would retain the RFC to perform a full range of work at all exertional levels, but with the following nonexertional limitations: (1) no more than occasional contact with co-workers and the public; (2) able to understand and follow work directions; (3) able to maintain concentration, persistence and pace; (4) able to relate adequately with supervisors; and (5) able to exercise sufficient judgment to perform non-complex work (T. 21). At step four, the ALJ found that Claimant had no past relevant work (T. 24). At step five, the ALJ found that if Claimant stopped her substance abuse, considering Claimant's age, education, work experience, and RFC, there would be a significant number of jobs in the national economy that Claimant could perform (T. 25). Accordingly, the ALJ found that Claimant would not be disabled if she stopped abusing

3

substances, which was material to her disability (20 C.F.R. §§ 404.1520(g), 404.1535, 416.920(g) and 416.935) (T. 25). Thus, the ALJ concluded that Claimant was not disabled within the meaning of the Act from the onset date through the date of his decision (*Id.*).

## IV. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## V. Discussion

Plaintiff makes the following arguments in support of her motion for judgment on the pleadings: (1) the ALJ erred by failing to properly evaluate the materiality of drug and alcohol abuse under SSR 13-2p; and (2) the ALJ erred by not using a vocational expert to assess the impact of Claimant's nonexertional impairments and limitations on the occupational base of unskilled work.

4

## A. SSR 13-2p and Plaintiff's Drug and Alcohol Abuse

Plaintiff argues that the ALJ failed to properly evaluate Claimant's hospitalizations in connection with decompensation in light of SSR 13-2p. Specifically, Plaintiff contends that the ALJ's decision shows he disregarded SSR 13-2p by ignoring the fact that all but one of Claimant's hospitalizations were related to her psychiatric impairments, and Claimant's toxicology results were always negative for drugs. The Commissioner contends that Plaintiff has failed to carry her burden of showing her substance abuse was not material to her disability. For the reasons discussed below, the Court finds that the ALJ's decision was the product of legal error and was unsupported by substantial evidence.

The Social Security Act provides that a claimant shall not be found disabled if drug addiction or alcoholism ("DAA") is a "contributing factor material to the Commissioner's determination that the individual is disabled." SSR 13-2p. DAA is defined as a "substance use disorder" which is diagnosed "by the presence of maladaptive use of alcohol, illegal drugs, prescription medications, and toxic substances (such as inhalants)."

In order to find a claimant not disabled, SSR 13-2p requires that an ALJ have positive evidence showing that Plaintiff's severe mental impairment would improve to the point of nondisability in the absence of her DAA. Specifically, an ALJ "*will find* that DAA is not material to the determination of disability *and allow the claim* if the record is *fully developed* and the evidence *does not*

5

*establish* that the claimant's co-occurring mental disorder(s) would improve to the point of *nondisability* in the absence of DAA." (emphasis added). However, Plaintiff is not required to put forth evidence of "a period of abstinence" to meet "her burden of proving disability." *Id.* "In addition, a record of multiple hospitalizations, emergency department visits, or other treatment for the co-occurring mental disorder — with or without treatment for DAA — is an indication that DAA may not be material even if the claimant is discharged in improved condition after each intervention." *Id.* "[A] single hospitalization or other inpatient intervention is *not sufficient* to establish that DAA is material when there is evidence that a claimant has a disabling co-occurring mental disorder(s)." *Id.* (emphasis added). An ALJ needs positive "evidence from outside of such highly structured treatment settings demonstrating that the claimant's co-occurring mental disorder(s) has improved, or would improve, with abstinence." *Id.*

In order "[t]o support a finding that DAA is material," an ALJ "*must* have evidence in the case record that *establishes* that a claimant with a co-occurring mental disorder(s) *would not be disabled* in the absence of DAA." *Id.* (emphasis added) "Self-reported drug or alcohol use," as SSR 13-2p explains, "does not establish DAA" because it is "not objective medical evidence." *Id.*

Here, the ALJ failed to properly apply SSR 13-2p and his conclusion that Claimant would not be disabled in the absence of

6

her DAA is not supported by substantial evidence in the medical record. Initially, the Court concludes that this record is fully developed and notes that neither party argues otherwise. In his decision, the ALJ found that, considering this evidence, Claimant's limitations would be disabling when all of her impairments, including DAA, were considered (T. 17-19). The Court concludes that this specific finding is supported by substantial evidence in the record including Claimant's multiple hospitalizations at Buffalo General Hospital and Erie County Medical Center based on her mental impairments, and her therapist Gordon Comstock who treated Claimant for bipolar disorder (T. 247, 281, 292, 296, 299, 314, 319, 413-32, 447-50, 682, 699, 720, 727-28, 755). Therefore, pursuant to the materiality analysis, substantial evidence in this record showed that absent her DAA, Claimant was disabled, and the ALJ, pursuant to SSR 13-2p, was required to enter a finding of disability.

In proceeding to the question of whether Claimant would be disabled by her co-occurring mental disorders in the absence of her DAA, the ALJ improperly ignored SSR 13-2p's requirement that the medical record contain positive evidence that Claimant's mental disorders would improve to the point of nondisability without the presence of her DAA. Instead, the ALJ improperly treated the *absence of evidence* that Plaintiff would be disabled independent of her DAA as *proof* that Plaintiff's co-occurring mental disorders would improve to the point of nondisability. For example, the ALJ

7

found that the medical record contained "no evidence that the claimant . . . has an inability to function outside a highly supportive living arrangement" (T. 20). The ALJ added that there was also no evidence that Claimant had "a residual disease process that would result in decompensation due to even a slight increase in mental demands or change in environment, a history of at least 1 year's inability to function outside a highly supportive environment, or a complete inability to function independently outside of [her] home" (*Id.*). The ALJ also did not find "*any evidence* of repeated episodes of decompensation" (*Id.* (emphasis added)) despite Plaintiff's multiple hospitalizations at Buffalo General Hospital and Erie County Medical Center (T. 281, 292, 296, 299, 314, 319, 682, 699, 720, 727-28, 755). The ALJ further noted, without reference to any evidence in the medical record, that if Claimant stopped her DAA, she would have mild restrictions in concentration, persistence and pace, and in activities of daily living. He reasoned that this was supported by the fact that Claimant could dress, bath, and groom herself, as well as cook, clean, do laundry, and shop (*Id.*). He conceded, however, that she would have moderate difficulties with respect to social functioning if she did not have her DAA (*Id.*).

The ALJ further found that Claimant could adjust to increased mental demands and changes in her environment, was able to function outside of a highly supporting living arrangement, and had not been hospitalized for psychiatric treatment (*Id.*), despite Plaintiff's

8

multiple hospitalizations documented in the medical record. Despite extensive medical record evidence of Plaintiff's mental impairments of bipolar disorder and borderline personality disorder, the ALJ only discussed the medical record of Claimant's bipolar disorder as it relates to her DAA and does not address medical record evidence of Claimant's borderline personality disorder (T. 18-19). SSR 13-2p is clear that the question is not whether DAA is a *contributing* factor to Claimant's disability, but rather whether evidence in the record *establishes* that, but for the DAA, Claimant's limitations would render her not disabled. The Commissioner does not cite any evidence in the medical record, and the Court is not aware of any, that indicates that Claimant's "co-occurring mental disorder(s) would improve *to the point of nondisability* in the absence of DAA." SSR 13-2p (emphasis added). Indeed, as the Commissioner concedes, the record reveals no "period of abstinence . . . long enough to allow the acute effects of [DAA] to abate." SSR 13-2p.

Furthermore, as Plaintiff points out, the ALJ erred in his evaluation of Claimant's hospitalizations by citing a single example out of nearly a dozen hospitalizations in support of his finding that Claimant's hospitalizations were a result of her "running out of/stopping her medications," and noting that "she became very functional shortly after resuming her medications" (T. 21). During her hospitalization in April 2011, Plaintiff asked to be admitted in order to detox from multiple substances used the

day of her admission (T. 247). However, the record is clear that Claimant was not seen by anyone at the emergency room during that April 2011 incident and "left without being seen" (*Id.*). Moreover, SSR 13-2p makes clear that a single hospitalization is not sufficient to show that a DAA is material.

Additionally, as stated in SSR 13-2p, multiple hospitalizations - with or without treatment for DAA - indicate that DAA may not be material even if a claimant's condition improves upon discharge. As Claimant's medical record reveals, she was hospitalized on at least ten separate occasions between 2011 and 2014 for her psychiatric impairments, in particular depression and suicidal thoughts (T. 281, 292, 296, 299, 314, 319, 682, 699, 720, 727-28, 755). The medical record shows that Claimant had no positive toxicology results from any of these hospitalizations, including her then most recent hospitalization in 2014 at Erie County Medical Center (T. 727-28, 755).

The Commissioner argues, in attempting to discount the medical record of Plaintiff's multiple hospitalizations, that Plaintiff's lack of positive toxicology results was not evidence of immateriality of her DAA because Plaintiff admitted during *some* hospitalizations that she was trying to get away from her boyfriend or homelessness, she was known to fake urine tests, and her symptoms could have been related to withdrawal. However, under SSR 13-2p, self-reported drug or alcohol use "does not establish DAA" because it is "not objective medical evidence." Furthermore, "[a] reviewing court may not accept appellate counsel's post hoc

10

rationalizations for agency action." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (internal quotation marks omitted).

Considering Plaintiff's multiple hospitalizations, the medical record as a whole, and the lack of substantial evidence establishing that Claimant would not be disabled but for her DAA, this Court has "'no reason to doubt that [Claimant] is disabled under the Act'" and the ALJ's decision is not supported by substantial evidence. *Murray v. Colvin*, No. 1:16-CV-00181 (MAT), 2017 WL 1289588, at *4 (W.D.N.Y. Apr. 4, 2017) (quoting *Franz v. Colvin*, 91 F. Supp. 3d 1200, 1218 (D. Or. 2015)).

## B. Failure to Use a Vocational Expert

Plaintiff also argues that the ALJ erred by failing to use a vocational expert to assess the impact of Claimant's nonexertional impairments and limitations on the occupational base of unskilled work that the ALJ found Plaintiff capable of performing. Because the Court concludes that the medical record demonstrates that Claimant was disabled under the Act, the Court declines to consider this argument.

## C. Remand for Calculation of Benefits

The standard for directing a remand for calculation of benefits is met when the record persuasively demonstrates the claimant's disability, *see Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980), and where there is no reason to conclude that additional evidence might support the Commissioner's finding that the claimant is not disabled, *see Butts v. Barnhart*, 388 F.3d 377,

385-86 (2d Cir. 2004). Because the Court concludes that Claimant's disability is conclusively demonstrated by this medical record, no useful purpose would be served by a remand for further consideration. Moreover, the Second Circuit "has recognized delay as a factor militating against a remand for further proceedings where the record contains substantial evidence of disability." *McClain v. Barnhart*, 299 F. Supp. 2d 309, 310 (S.D.N.Y. 2004) (citations omitted). Reversal for calculation of benefits is particularly appropriate in this case because Claimant's benefits claim has been pending for more than six years. Indeed, of the nearly three years this action has been pending, Claimant has been deceased for nearly two-and-a-half years. Considering the significant delay already experienced by the parties, and the convincing evidence of disability in this case, the Court remands this case solely for the calculation and payment of benefits.

## VI. Conclusion

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is denied and Plaintiff's motion for judgment on the pleadings is granted. This matter is reversed and remanded solely for the calculation and payment of benefits. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          **S/Michael A. Telesca**

                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated: November 29, 2017
       Rochester, New York.